UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN WAYNE FELDMANN, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> VALLEY HOSPITAL, et al., ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:14-cv-00014-GMN-NJK <br><br> REPORT AND RECOMMENDATION |

This matter comes to the Court on the failure of Plaintiff to update his address with the Court. For the reasons stated below, the Court **RECOMMENDS** that Plaintiff's claims be **DISMISSED** with prejudice pursuant to Local Special Rule 2-2.

**I.    BRIEF OVERVIEW**

Plaintiff filed a Motion/Application for Leave to Proceed *In Forma Pauperis* on January 2, 2014. Docket No. 1. On January 6, 2014, the Court denied Plaintiff's application because it was incomplete and ordered Plaintiff to submit a completed application or pay the filing fee no later than February 5, 2014. Docket No. 2.

Thereafter, pursuant to the Court's Order, the Clerk's office mailed notice of the Court's Order to Plaintiff at his last known address. Receipt attached to Docket No. 2 (Notice of Electronic Filing, showing service on Plaintiff by mail). That Order, however, was returned as undeliverable on February 12, 2014. Docket No. 4.

The following day, February 13, 2014, the Court issued an order requiring Plaintiff to show cause in writing why the Court should not recommend dismissal of Plaintiff's complaint, with prejudice, in light of his failure to update his address. Docket No. 5. The order further required that Plaintiff file his

response no later than March 13, 2013. *Id.* The Clerk's Office mailed notice of this Order to Plaintiff at his last-known address; again, however, that notice was returned as undeliverable. Docket No. 6. To date, Plaintiff has not filed a completed *in forma pauperis* application or a response to the order to show cause, nor has he sought an extension of time in which to do so.

## II. ANALYSIS

Parties are required to keep the court apprised of any changes in their mailing address. *See* Docket No. 5, and Local Special Rule 2-2. Since mail has been returned to the Court as undeliverable, *see* Docket Nos. 3, 4, and 6, it appears that Plaintiff has changed addresses but has not apprised the Court of his new address.

Additionally, Plaintiff violated the Court's Order that he file a completed *in forma pauperis* application and the Court's Order that he show cause in writing why the Court should not recommend dismissal for failing to update his address. *See* Docket Nos. 2, 5. Plaintiff was required to file a completed *in forma pauperis* application no later than February 5, 2014, but he failed to do so or to request an extension of time. Plaintiff was also required to respond to the order to show cause no later than March 13, 2014, but he failed to file a response or request an extension of time in which to do so.

Plaintiff's failure to update his address and violation of the Court's order to show cause are abusive litigation practices that have interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has continuously refused to comply with the rules and orders of this Court notwithstanding the Court's warning that dismissal sanctions may be imposed for such conduct.

Accordingly, in light of the circumstances outlined above, the Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** with prejudice.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to

1  the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This
2  circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly
3  address and brief the objectionable issues waives the right to appeal the District Court's order and/or
4  appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th
5  Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).
6      IT IS SO ORDERED.
7      DATED: March 14, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge